UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------x

DAVID GORDON OPPENHEIMER,

                Plaintiff,

           -against-

RELIX MEDIA GROUP, LLC,

                Defendant.
-----------------------------------------------------x

Case No. 1:25-cv-02515 (DLC)

**ANSWER TO COMPLAINT**

Defendant, RELIX MEDIA GROUP, LLC ("Defendant"), through its undersigned counsel, for and as its Answer to the complaint dated March 26, 2025 (Dkt. 1) (the "Complaint") filed by Plaintiff DAVID GORDON OPPENHEIMER ("Plaintiff"), answers and alleges as follows:

## NATURE OF THE ACTION

1.    Defendant admits the allegations in Paragraph 1 that this action purports to arise under the United States Copyright Act, 17 U.S.C. § 101 *et seq.* and 17 U.S.C. § 501 *et seq.*, for copyright infringement of a work registered with the United States Copyright Office, and under the Digital Millennium Copyright Act ("DMCA"), but denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1 of the Complaint and, on that basis, denies the allegations contained therein.

## THE PARTIES

2.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 2 of the Complaint and, on that basis, denies the allegations contained therein.

3. Defendant admits that it publishes the magazine known as "Relix" in both print and digital formats, and publishes certain of its magazine articles on the world wide web at the URL "relix.com". Defendant denies the remaining allegations in Paragraph 3 of the Complaint.

## JURISDICTION AND VENUE

4. To the extent that the allegations in Paragraph 4 of the Complaint contain legal arguments or conclusions, no response is required. To the extent that a response is required, Defendant admits the allegations in Paragraph 4 of the Complaint that this Court, generally, has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1338(a), but denies that Plaintiff is entitled to any relief whatsoever.

5. To the extent that the allegations in Paragraph 5 of the Complaint contain legal arguments or conclusions, no response is required. To the extent that a response is required, Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5 of the Complaint concerning the extent to which events or omissions as alleged in the Complaint occurred in this District and, on that basis, denies them, but admits that it is domiciled in in New York.

6. To the extent that the allegations in Paragraph 6 of the Complaint contain legal arguments or conclusions, no response is required. To the extent that a response is required, Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 6 of the Complaint concerning the extent to which events or omissions as alleged in the Complaint occurred in this District and, on that basis, denies them, but admits that venue is proper in this District for this action.

**FACTUAL ALLEGATIONS**

7. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 7 of the Complaint and, on that basis, denies them.

8. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8 of the Complaint and, on that basis, denies them.

9. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 9 of the Complaint and, on that basis, denies them.

10. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10 of the Complaint and, on that basis, denies them.

11. Defendant denies the allegations in Paragraph 11 of the Complaint.

**OPPENHEIMER CREATES, REGISTERS, AND PUBLISHES THE PHOTOGRAPH**

12. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12 of the Complaint and, on that basis, denies them.

13. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13 of the Complaint and, on that basis, denies them, except admits that the Complaint references an Exhibit 1 and an Exhibit 2, and respectfully refers the Court to those exhibits for an accurate reflection of its content.

14. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14 of the Complaint and, on that basis, denies them, except admits that the Complaint references an Exhibit 3, and respectfully refers the Court to that exhibit for an accurate reflection of its content.

15. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15 of the Complaint and, on that basis, denies them.

16. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16 of the Complaint and, on that basis, denies them. Defendant asserts, however, that Plaintiff does not hold all rights since Plaintiff has not received name, image, and likeness rights from Bob Weir, the subject of the Photograph.

17. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17 of the Complaint and, on that basis, denies them.

**DEFENDANT USES THE PHOTOGRAPH WITHOUT AUTHORIZATION**

18. To the extent that the allegations in Paragraph 18 of the Complaint contain legal arguments or conclusions, no response is required. To the extent that a response is required, Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18 of the Complaint and, on that basis, denies them, except admits that, for a period of time, the Promotional Graphic included a copy of a photograph similar to the one set forth in Exhibit 2 of the Complaint.

19. To the extent that the allegations in Paragraph 19 of the Complaint contain legal arguments or conclusions, no response is required. To the extent that a response is required, Defendant denies the allegations in Paragraph 19 of the Complaint that Plaintiff's copyrights were distributed and infringed, and denies any direct control or ownership over Jambase URL, and Cloudinary Image URL.

20. To the extent that the allegations in Paragraph 20 of the Complaint contain legal arguments or conclusions, no response is required. To the extent that a response is required, Defendant denies the allegations in Paragraph 20 of the Complaint that Plaintiff's copyrights were distributed and infringed, and denies any direct control or ownership over Jambase URL.

21. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21 of the Complaint but denies it controls access to Cloudinary Image URL.

22. Defendant denies the allegations in Paragraph 22 of the Complaint, except admits that the Complaint references an Exhibit 4, and respectfully refers the Court to that exhibit for an accurate reflection of its content.

### OPPENHEIMER PROVIDES NOTICE OF COPYRIGHT INFRINGEMENT TO DEFENDANT

23. Defendant admits the allegations in Paragraph 23 of the Complaint.

24. Defendant denies the allegations in Paragraph 24 of the Complaint as Defendant's counsel have had settlement communications with Plaintiff's counsel.

25. Defendant denies the allegations in Paragraph 25 of the Complaint.

### FIRST CLAIM FOR RELIEF
### Copyright Infringement Under 17 U.S.C. § 501

26. Defendant incorporates by reference the responses to paragraphs 1 through 25, inclusive, of this Answer as if the same were set forth at length herein.

27. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 27 of the Complaint and, on that basis, denies them.

28. To the extent that the allegations in Paragraph 28 of the Complaint contain legal arguments or conclusions, no response is required. To the extent that a response is required, Defendant denies the allegations in Paragraph 28 of the Complaint, except admits that Defendant did not receive express permission or authorization from Plaintiff with respect to the photograph set forth in Exhibit 2 to the Complaint.

29. To the extent that the allegations in Paragraph 29 of the Complaint contain legal arguments or conclusions, no response is required. To the extent that a response is required, Defendant denies the allegations in Paragraph 29 of the Complaint, except admits that Defendant did not receive express permission or authorization from Plaintiff with respect to the photograph set forth in Exhibit 2 to the Complaint.

30. To the extent that the allegations in Paragraph 30 of the Complaint contain legal arguments or conclusions, no response is required. To the extent that a response is required, Defendant denies the allegations in Paragraph 30 of the Complaint.

31. To the extent that the allegations in Paragraph 31 of the Complaint contain legal arguments or conclusions, no response is required. To the extent that a response is required, Defendant denies the allegations in Paragraph 31 of the Complaint.

32. Defendant denies the allegations in Paragraph 32 of the Complaint.

33. Defendant denies the allegations in Paragraph 33 of the Complaint.

34. Defendant denies the allegations in Paragraph 34 of the Complaint.

35. Defendant denies the allegations in Paragraph 35 of the Complaint.

## SECOND CLAIM FOR RELIEF
## Violations of the DMCA Under Section 1202(b)

36. Defendant incorporates by reference the responses to paragraphs 1 through 35, inclusive, of this Answer as if the same were set forth at length herein.

37. To the extent that the allegations in Paragraph 37 of the Complaint contain legal arguments or conclusions, no response is required. To the extent that a response is required, Defendant denies the allegations in Paragraph 37 of the Complaint.

38. To the extent that the allegations in Paragraph 38 of the Complaint contain legal arguments or conclusions, no response is required. To the extent that a response is required, Defendant denies the allegations in Paragraph 38 of the Complaint.

39. Defendant denies the allegations in Paragraph 39 of the Complaint.

40. Defendant denies the allegations in Paragraph 40 of the Complaint.

41. Defendant denies the allegations in Paragraph 41 of the Complaint.

42. Defendant denies the allegations in Paragraph 42 of the Complaint.

43. Defendant denies the allegations in Paragraph 43 of the Complaint.

44. Defendant denies the allegations in Paragraph 44 of the Complaint.

45. Defendant denies the allegations in Paragraph 45 of the Complaint.

## **GENERAL DENIAL AND DEFENSES**

Each numbered paragraph in this Answer responds to the identically numbered paragraph in the Complaint. Defendant denies any and each allegation, inference, declaration, claim, inference, or assertion in the Complaint that is not specifically and explicitly admitted in this Answer.

In addition, Defendant further propounds the following separate and additional defenses and, in so doing, Defendant in no way concedes that it has the burden of proof and/or burden of persuasion with respect to any of the additional defenses set forth herein.

## **FIRST AFFIRMATIVE DEFENSE**

The Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claim for statutory damages under the Copyright Act alleges infringement outside the applicable statute of limitations pursuant to 17 U.S.C. § 507(b), as this Action was not commenced within three years after the claim accrued. The Complaint states that the date of infringement was in April, 2020.

### THIRD AFFIRMATIVE DEFENSE

The Complaint is time-barred since Plaintiff does not assert late discovery.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff was aware that there is a time-bar since Plaintiff improperly attempted to have Defendant sign a tolling agreement after the statute of limitations had run.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff has failed to indicate in its Complaint any basis for late discovery. Plaintiff knew the Complaint was time barred since Plaintiff improperly attempted to re-instate the statute of limitations by sending Defendant a tolling agreement, which agreement was never signed.

### SIXTH AFFIRMATIVE DEFENSE

On information and belief, Plaintiff's claims are barred for lack of standing, in whole or in part, to the extent that any copyright registration asserted by Plaintiff as covering the photograph in suit is invalid, unenforceable, or otherwise does not protect the photograph in suit.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of fair use and the First Amendment to the U.S. Constitution.

**EIGHTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred, in whole or in part, by express or implied license of authorization.

**NINTH AFFIRMATIVE DEFENSE**

Defendant's alleged infringing use was *De minimis* and not actionable.

**TENTH  AFFITMATIVE DEFENSE**

Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands.

**ELEVENTH  AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred, in whole or in part, by the doctrine of estoppel.

**TWELFTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred, in whole or in part, by the doctrine of waiver.

**THIRTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's claim for statutory damages is barred, in whole or in part, to the extent that, when measured against any actual damage suffered by Plaintiff, such damages would be excessive, obviously unreasonable, and wholly disproportionate in violation of the Due Process clause of the United States Constitution. Plaintiff has no comparable market value licenses for this alleged infringing use.

**FOURTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred or limited, in whole or in part, because Defendant has not willfully infringed any intellectual property or other rights owned by Plaintiff and because Defendant has acted in good faith and without any intention of injuring Plaintiff.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff's losses, if any, should be limited to Plaintiff's actual damages.

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because Plaintiff has not suffered any actual damages or injury, nor has the market value of the copyrighted work been injured or destroyed by any purported infringement alleged in the Complaint.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claim for actual damages is barred, in whole or in part, because Plaintiff has failed to allege any purported actual damages with requisite particularity, and because such damages are speculative and imprecise.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to recover any of Defendant's profits because such profits, if any, are not attributable to any alleged infringement and are duplicative of Plaintiff's purported actual damages.

## NINETEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims for injunctive and other equitable relief are barred, in whole or in part, because Plaintiff will not suffer any irreparable injury if such requested relief is denied and/or because Plaintiff has an adequate remedy at law and the issue of injunctive relief is moot since Defendant removed the alleged infringing work.

## TWENTIETH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of misuse of copyright and bad faith enforcement.

## TWENTY FIRST AFFIRMATIVE DEFENSE

Plaintiff does not have Bob Weir's permission to use his name, image, or likeness.

## TWENTY SECOND AFFIRMATIVE DEFENSE

Defendant acted in good faith and with due care and diligence and did not, directly or indirectly, conspire or participate in, or aid and abet, or induce any act constituting any alleged violation of law claimed in the Complaint.

## ADDITIONAL DEFENSES

Defendant hereby gives notice that, due to its incomplete knowledge as to the matters set forth in the Complaint, it is unable to determine whether it has additional defenses or claims not expressly enumerated in the preceding paragraphs or elsewhere in this Answer. Defendant thus reserves its right to amend its Answer, to assert additional defenses or claims and to rely upon those additional defenses and claims to the extent they become available or apparent during discovery or further proceedings in this action.

## PRAYER FOR RELIEF

**WHEREFORE**, Defendant Relix Media Group, LLC requests that the Court enter judgment against Plaintiff David Gordon Oppenheimer as follows:

a. Dismissing Plaintiff's Complaint in its entirety with prejudice and that judgment be entered in favor of Defendant;

b. Awarding Plaintiff nothing;

c. Awarding Defendant the costs of suit, including attorney's fees, incurred in the defense of this action; and

      d.      Awarding such other and further relief as it deems just and proper.

Dated:      New York, New York
                  June 12, 2025

                                      Respectfully submitted,

                                      HERBSMAN, HAFER, WEBER
                                      & FRISCH, LLP

                                       By: _____
                                      Dorothy M. Weber, Esq. (DMW 4734)
                                      494 Eighth Avenue, 6th Floor
                                      New York, New York 10010
                                      Phone - 212-245-4580
                                      dorothy@musiclaw.com