### IN THE UNITED STATES DISTRICT COURT FOR THE
### SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| David Gordon Oppenheimer, | |
| Plaintiff, | Case No: 1:25-cv-02515 (DLC) |
| v. | Dist. Judge Denise L. Cote |
| Relix Media Group, LLC, | Mag. Judge Gabriel W. Gorenstein |
| Defendant. | |

### JOINT REPORT OF THE PARTIES' DISCOVERY PLANNING

Pursuant to the Court's notice of initial pretrial conference dated March 27, 2025 [ECF No. 7], Plaintiff David Gordon Oppenheimer ("Oppenheimer" or "Plaintiff"), by his counsel, Ilya G. Zlatkin, and Defendant Relix Media Group, LLC ("Relix" or "Defendant") by their counsel, Dorothy M. Weber, Esq. submit this Joint Report of the Parties' Planning Meeting:

1. **Rule 26(f) Conference**. The following persons participated in a Rule 26(f) conference on <u>April 16, 2025,</u> by telephone:

    a. Attorney Ilya G. Zlatkin on behalf of Plaintiff

    b. Attorney Dorothy M. Weber on behalf of Defendant

2. **Initial Disclosures**. The parties will complete by <u>June 27, 2025</u>, the initial disclosures required by Rule 26(a)(1).

3. **Discovery Plan**. The parties propose the following discovery plan:

    a. <u>Topics for Discovery</u>. Discovery will be needed on these subjects:

        i. Plaintiff's creation of the photograph at-issue ("Photograph");

        ii. Validity of Plaintiff's copyright in the Photograph;

        iii. Plaintiff's inclusion of copyright management information ("CMI") in association with the Photograph;

      iv.  Circumstances surrounding Defendant's use of the Photograph;

      v.  Circumstances surrounding removal of CMI from the Photograph and subsequent distribution of the Photograph without CMI;

      vi.  Scope of use of the Photograph by Defendant;

      vii.  Defendant's internal policies and procedures for ensuring compliance with intellectual property laws;

      viii.  Plaintiff's alleged actual damages;

      ix.  Plaintiff's alleged lost licensing fees;

      x.  Profits generated by Defendant as a result of the alleged infringement;

      xi.  Circumstances surrounding Plaintiff's discovery of Defendant's alleged uses of the Photograph;

      xii.  The parties' communications prior to and during the initiation of this litigation; and

      xiii.  Plaintiff's basis for calculation of its damages.

b.  <u>Fact Discovery</u>. Fact discovery is to be completed in this case by <u>November 14, 2025</u>.

c.  <u>Interrogatories</u>. The parties agree to the applicable Federal Rules as to the number of and procedures associated with any interrogatories issued by the parties.

d.  <u>Requests for Production</u>. The parties agree to the applicable Federal Rules as to the number of and procedures associated with any requests for production of documents issued by the parties.

e.   Requests for Admission. The parties agree to the applicable Federal Rules as to the number of and procedures associated with any requests for admissions issued by the parties.

f.   Depositions. The parties agree to the applicable Federal Rules as to the procedures for, number of, and length of any depositions taken by the parties.

g.   Ongoing Obligations to Supplement. The parties shall have an ongoing obligation to supplement discovery responses pursuant to Rule 26(e)(1).

4. **Expert Witnesses**. The parties agree that the party who has the initial burden of proof on the subject matter, the initial Federal Rule 26(a)(2) disclosure of expert testimony, including any associated expert witness report, is due on or before January 30, 2026. The supplemental disclosure to contradict or rebut evidence on the same matter identified by another party is due on or before February 27, 2026. No other expert reports will be permitted without either the consent of all parties or leave of the Court. Along with submissions of expert reports, the parties shall advise of the dates and times of their experts' availability for deposition. Any expert depositions shall be taken no later than April 17, 2026.

5. **Other Items:**

a.   Amendment of Pleadings and Joinder of Parties. The parties shall have until September 12, 2025, to amend pleadings or join parties.

b.   Motion to dismiss. Defendant shall have until September 12, 2025 to file a motion to dismiss based on statute of limitations.

3

    c.   <u>Motions Relating to Discovery</u>. The parties shall file all motions relating to fact discovery by <u>December 19, 2025</u>, and all motions relating to expert discovery by <u>May 15, 2026.</u>

    d.   <u>Dispositive Motions</u>. The parties shall file all dispositive motions by <u>July 24, 2026</u>.

    e.   <u>Settlement Discussions and Settlement Conference</u>. Having exchanged settlement offers in recent months (both before and after the initiation of this litigation), the parties believe that a settlement conference administered by the Magistrate Judge may be conducive for prospects of potential settlement. The parties believe that a settlement conference scheduled prior to discovery may help both parties preserve significant resources. The parties would appreciate the Magistrate Judge setting a schedule for a settlement conference.

    f.   <u>Trial</u>. If this case cannot be settled through a settlement conference, the parties believe they will be ready for trial in this matter starting in or after <u>September 2026</u>. The length of trial will be two-to-three (2-3) full trial days.

    g.   <u>Witness Lists, Exhibit Lists, Designation of Witnesses</u>. The parties agree to submit Rule 26(a)(3) witness lists, exhibits lists, and designation of witnesses whose testimony will be presented by deposition three weeks prior to the final pretrial conference scheduled in this matter. Any objections to those designations under Rule 26(a)(3) shall be filed one week prior to the final pretrial conference scheduled in this matter.

h. <u>Modification of Case Management Plan</u>. The parties note that the scheduling of any potential Court-administered settlement conference may require adjustments to the case management schedule proposed herein. The parties understand, however, that the Court will enter a scheduling order under Rule 16(b)(1), and that, once scheduled, the Court will modify any such schedule "only for good cause." *See* FED. R. CIV. P. 16(b)(4).

Dated: June 17, 2025

Respectfully submitted,

DAVID GORDON OPPENHEIMER

By: /s/ Ilya G. Zlatkin
Ilya G. Zlatkin
Zlatkin Cann Entertainment
4245 North Knox Avenue
Chicago, Illinois 60641
Tel: (312) 809-8022
ilya@zce.law

*Attorney for Plaintiff David Oppenheimer*

Respectfully submitted,

RELIX MEDIA GROUP, LLC

By: /s/ Dorothy M. Weber *(with permission)*
Dorothy M. Weber
Herbsman Hafer Weber & Frisch, LLP
494 Eighth Avenue, 6th Floor
New York, New York 10010
Tel: (212) 245-4580
dorothy@musiclaw.com

*Attorney for Defendant Relix Media Group, LLC*