UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

DAVID GORDON OPPENHEIMER,

                Plaintiff,

    -v.-

RELIX MEDIA GROUP, LLC,

                Defendant.
-------------------------------------------------------x

Case No. 1:25-cv-02515 (DLC) (GWG)

~~[PROPOSED]~~ STIPULATED PROTECTIVE ORDER AND CONFIDENTIALITY AGREEMENT

WHEREAS, the Parties having agreed to the following terms of confidentiality, and the Court having found that good cause exists for the issuance of an appropriately tailored confidentiality order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, it is hereby

**ORDERED** that any person subject to this Order—including without limitation the parties to this action, their representatives, agents, experts, consultants, all third parties providing discovery in this action, and all other interested persons with actual or constructive notice of this Order—shall adhere to the following terms, upon pain of contempt:

1. Any person subject to this Order who receives from any other person any "Discovery Material" (i.e., information of any kind provided in discovery in this action) that is designated as "Confidential" pursuant to the terms of this Order shall not disclose such Confidential Discovery Material to anyone else except as expressly permitted hereunder.

2. The person producing any given Discovery Material may designate as Confidential only such portion of such material as consists of: previously nondisclosed financial information (including without limitation profitability reports or estimates, percentage fees, design fees, royalty rates, minimum guarantee payments, sales reports, and sale margins); previously nondisclosed material relating to ownership or control of any non-public company; previously nondisclosed

1

business plans, product development information, or marketing plans; any agreements entered into by Plaintiff or at the direction of Plaintiff with third parties, including licensing agreements pertaining to any of Plaintiff's works; any information of a personal or intimate nature regarding any individual; or any other category of information hereinafter given confidential status by the Court.

3. The protections conferred by this Order cover not only Confidential Discovery Material, but also (a) any information copied or extracted from Confidential Discovery Material; (2) all copies, excerpts, summaries, or compilations of Confidential Discovery Material; and (3) any testimony, conversations, or presentations by parties or their counsel that might reveal Confidential Discovery Material.

4. With respect to the Confidential portion of any Discovery Material other than deposition transcripts and exhibits, the producing person or that person's counsel may designate such portion as "Confidential" by stamping or otherwise clearly marking as "Confidential" the protected portion in a manner that will not interfere with legibility or audibility, and by also producing for future public use another copy of said Discovery Material with the confidential information redacted. The parties may designate electronic Discovery Materials as "Confidential" by including the word "CONFIDENTIAL" in all capital letters within the file names containing such information. With respect to deposition transcripts and exhibits, a producing person or that person's counsel may indicate on the record that a question calls for Confidential information, in which case the transcript of the designated testimony shall be bound in a separate volume and marked "Confidential Information Governed by Protective Order" by the reporter.

5. If at any time prior to the trial of this action, a producing person realizes that some portion(s) of Discovery Material that that person previously produced without limitation should be designated as Confidential, he or she may so designate by so apprising all parties in writing, and

such designated portion(s) of the Discovery Material will thereafter be treated as Confidential under the terms of this Order.

6. No person subject to this Order other than the producing person shall disclose any of the Discovery Material designated by the producing person as Confidential to any other person whomsoever, except to:

a. the parties to this action;

b. counsel retained specifically for this action, including any paralegal, clerical and other assistant employed by such counsel and assigned to this matter;

c. as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

d. any witness who counsel for a party in good faith believes may be called to testify at trial or deposition in this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

e. any person retained by a party to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

f. stenographers engaged to transcribe depositions conducted in this action; and

g. the Court and its support personnel.

7. All Confidential Discovery Material filed with the Court, and all portions of pleadings, motions or other papers filed with the Court that disclose such Confidential Discovery Material, shall be filed under seal and kept under seal until further order of the Court. The parties will use their best efforts to minimize such sealing. In any event, any party filing a motion or any other papers with the Court under seal shall also publicly file a redacted copy of the same, via the Court's Electronic Case

3

Filing system, that redacts only the Confidential Discovery Material itself, and not text that in no material way reveals the Confidential Discovery Material.

8. If a party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "Confidential," that party must:

    a. promptly notify the designating party in writing and include a copy of the subpoena or court order;

    b. promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Order. Such notification shall include a copy of this Order; and

    c. cooperate with respect to all reasonable procedures sought to be pursued by the designating party whose Confidential Discovery Material may be affected.

9. Any party who either objects to any designation of confidentiality, or who, by contrast, requests still further limits on disclosure (such as "attorneys' eyes only" in extraordinary circumstances), may at any time prior to the trial of this action serve upon counsel for the designating person a written notice stating with particularity the grounds of the objection or request. If an agreement cannot be reached promptly, counsel for all affected persons will address their dispute to this Court in accordance with Section 2C of this Court's Individual Practices in Civil Cases.

10. Each person who has access to Discovery Material that has been designated as Confidential shall take all due precautions to prevent the unauthorized or inadvertent disclosure of such material. If a receiving party learns that, by inadvertence or otherwise, such party has disclosed

4

Confidential Discovery Material to any person or in any circumstance not authorized under this Order, the receiving party must immediately (a) notify in writing the designating party of the unauthorized disclosures, (b) use such receiving party's reasonable efforts to retrieve all unauthorized copies of the Confidential Discovery Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request that such person or persons execute the Non-Disclosure Agreement in the form annexed as an Exhibit hereto.

11. If, in connection with this litigation, a party inadvertently discloses information subject to a claim of attorney-client privilege or attorney-work-product protection ("Inadvertently Disclosed Information"), such disclosure shall not constitute or be deemed a waiver or forfeiture of any claim of privilege or work product protection with respect to the Inadvertently Disclosed Information and its subject matter.

12. If a disclosing party makes a claim of inadvertent disclosure, the receiving party shall not thereafter review the Inadvertently Disclosed Information for any purpose, except by order of the Court. The receiving party shall, within five (5) business days, return or destroy all copies of the Inadvertently Disclosed Information, and provide a certification of counsel that all such information has been returned or destroyed.

13. Within five (5) business days of the notification that such Inadvertently Disclosed Information has been returned or destroyed, the disclosing party shall produce a privilege log with respect to the Inadvertently Disclosed Information.

14. As with any information redacted or withheld, the receiving party may seek an order from the Court compelling production of the Inadvertently Disclosed Information. The receiving party should follow the procedures in the Court's Individual Practices in Civil Cases and shall not

assert as a ground for entering such an Order the fact or circumstances of the inadvertent production.

15. The disclosing party retains the burden of establishing the privileged or protected nature of any Information. Nothing in this Order shall limit the right of any party to request an <u>in camera</u> review of the Inadvertently Disclosed Information.

16. This Protective Order shall survive the termination of the litigation. Within thirty (30) days of the final disposition of this action, all Discovery Material designated as "Confidential," and all copies thereof, shall be promptly returned to the producing person, or, upon permission of the producing person, destroyed. Notwithstanding this provision, counsel are entitled to retain one archival copy of all documents filed with the Court, trial, deposition, and hearing transcripts, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such Discovery Materials contain material that would qualify as Confidential.

17. This Court shall retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

**[THIS SPACE INTENTIONALLY LEFT BLANK]**

So ordered.

/s/ Denise Cote
7/11/25

SO STIPULATED AND AGREED.

Dated: July 11, 2025
New York, New York

**HERBSMAN HAFER WEBER &
FRISCH, LLP**

**SRIPLAW, P.A.**

By: */s/ Dorothy M. Weber (with permission)*
    Dorothy M. Weber, Esq.

By: */s/ Rebecca Kornhauser (with permission)*
    Rebecca Arielle Kornhauser, Esq.

**ZLATKIN CANN ENTERTAINMENT**

By: */s/ Ilya G. Zlatkin*
    Ilya G. Zlatkin, Esq.

SO ORDERED:

Dated: _____, 2025

New York, New York

_____
Hon. Denise L. Cote
U.S. District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------x

DAVID GORDON OPPENHEIMER,

                Plaintiff,

       -v.-

RELIX MEDIA GROUP, LLC,

                Defendant.
------------------------------------------------------x

Case No. 1:25-cv-02515 (DLC) (GWG)

NON-DISCLOSURE AGREEMENT

       I,_____, acknowledge that I have read and understand the Protective Order in this action governing the non-disclosure of those portions of Discovery Material that have been designated as Confidential. I agree that I will not disclose such Confidential Discovery Material to anyone other than for purposes of this litigation and that at the conclusion of the litigation I will return all discovery information to the party or attorney from whom I received it. By acknowledging these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.


       Dated: _____                      _____