THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| David Gordon Oppenheimer,<br><br>      Plaintiff,<br><br>v.<br><br>Relix Media Group, LLC,<br><br>      Defendants. | Case No. 1:25-cv-02515-DLC-GWG<br><br>Dist. Judge Denise L. Cote<br><br>Mag. Judge Gabriel W. Gorenstein |

*Granted. [signature] Denise Cote 7/14/25*

### PLAINTIFF'S MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT

Plaintiff David Gordon Oppenheimer ("Oppenheimer" or "Plaintiff"), through undersigned counsel, respectfully moves for leave to file a First Amended Complaint ("FAC"), and in support thereof states as follows:

1. Plaintiff initiated this case and filed the original Complaint and Jury Demand ("Complaint") on March 26, 2025. [Dkt. 1].

2. On June 12, 2025, Defendant Relix Media Group, LLC ("Relix" or "Defendant") filed its answer to Plaintiff's Complaint. [Dkt. 17]. To date, Relix has not filed any motions attempting to dismiss the Complaint for any reason. More than 21 days have passed since the Defendant's filing of its answer to the Complaint.

3. On June 17, 2025, the Court entered a pretrial scheduling order ("Scheduling Order"). [Dkt. 19]. Pursuant to the Scheduling Order, pleadings may not be amended after July 11, 2025 – the same date as the filing of this motion.

4. As a result of conducting core discovery, Plaintiff has identified additional circumstances that Plaintiff believes relate directly to Plaintiff's claims against Defendant, and that such newly uncovered circumstances would serve to create additional claims for Plaintiff against Defendant and/or would serve to support Plaintiff's existing claims. Specifically, Plaintiff has

identified an additional URL at which Plaintiff's Photograph is displayed as part of a promotional graphic ("Promotional Graphic") for Defendant's video ("Video") without consent from Plaintiff and without Plaintiff's copyright management information.

5. Under Rule 15(a)(2) of the Federal Rules of Civil Procedure, "the court should freely give leave [to amend a pleading] when justice so requires."

6. Under Rule 15(c)(1)(B), "[a]n amendment to a pleading relates back to the date of the original pleading when the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out – or attempted to be set out – in the original pleading." In this instance, the use of Plaintiff's Photograph as part of the Promotional Graphic arises out of the same conduct that serves as the basis for Plaintiff's allegations in the Complaint.

7. "The date of the filing of a motion to amend constitutes the date of the filing of the amended complaint." *Nara v. Palisades Acquisition XVI, LLC*, No. CV 14-4687 JS ARL, 2015 WL 4064572, at *4 n.3 (E.D.N.Y. May 11, 2015).

8. This motion for leave to amend is being filed on the last day permitted for amending pleadings, and because it is being filed electronically, it can be filed prior to midnight in the Court's time zone. FED. R. CIV. P. 6(a)(4)(A).

9. In accordance with Local Rule 15.1, Plaintiff attaches as exhibits a clean copy of Plaintiff's proposed FAC (including incorporated exhibits) and a redline comparing the original Complaint to the proposed FAC.

Plaintiff respectfully requests that the Court grant Plaintiff's motion for leave to amend.

Dated: July 11, 2025

        Respectfully submitted,

        DAVID GORDON OPPENHEIMER

        By:    /s/ *Ilya G. Zlatkin*
        Ilya G. Zlatkin
        ZLATKIN CANN ENTERTAINMENT
        4245 North Knox Avenue
        Chicago, Illinois 60641
        Email: ilya@zce.law
        Tel: (312) 809-8022

        *Attorney for Plaintiff David Gordon Oppenheimer*