UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
MANHATTAN DIVISION

CASE NO:  1:25-cv-02515 (DLC) (GWG)

| | |
|---|---|
| DAVID GORDON OPPENHEIMER,<br><br>               Plaintiff,<br><br>v.<br><br>RELIX MEDIA GROUP, LLC<br><br>               Defendant. | District Judge Denise L. Cote<br><br>Magistrate Judge Gabriel W. Gorenstein |

## FIRST AMENDED COMPLAINT AND JURY DEMAND

Plaintiff DAVID GORDON OPPENHEIMER ("Oppenheimer" or "Plaintiff"), by and through his attorneys, SRIPLAW, P.A. and ZLATKIN CANN ENTERTAINMENT, for his First Amended Complaint ("FAC") against Defendant RELIX MEDIA GROUP, LLC, alleges:

## NATURE OF THE ACTION

1. This action arises under the United States Copyright Act, 17 U.S.C. § 101 *et seq.* and 17 U.S.C. § 501 *et seq.*, for copyright infringement of a work registered with the United States Copyright Office, and under the Digital Millennium Copyright Act ("DMCA") for knowing removal or alteration of copyright management information ("CMI") and knowing distribution with CMI removed in violation of 17 U.S.C. § 1202 *et seq.*

## THE PARTIES

2. Oppenheimer is an individual who is actively engaged in the business of creating and licensing photography and who resides in Asheville, North Carolina.

3. Defendant Relix Media Group, LLC ("Relix" or "Defendant") is a New York limited liability company with a principal office to do business in New York County, New York. Upon information and belief, Relix owns and operates the publication known as "Relix

Magazine" in both print and digital formats, as well as Relix-branded digital accounts hosted on third-party platforms (all such print and digital properties, collectively, "Relix Properties").

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this claim pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5. Plaintiff is informed, believes, and thereon alleges that Defendant has sufficient contacts with this District generally and, in particular, with the events herein alleged, that Defendant is subject to the exercise of jurisdiction of this Court. Specifically, Defendant is domiciled in this District and, upon information and belief, Defendant's actions giving rise to Plaintiff's claims occurred within this District.

6. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391 and 1400(a).

## FACTUAL ALLEGATIONS

7. Oppenheimer is a noted and respected professional photographer with many years of experience and considerable reputation.

8. Oppenheimer's photographs have appeared in publications including Rolling Stone, MSNBC, MTV, AOL, and FUSE and on display at the Museum of the City of New York. The subjects of Plaintiff's photography include President Bill Clinton, Bob Dylan, Bruce Springsteen, Carlos Santana, and Paul McCartney, among countless other instantly recognizable persons, including Bob Weir, a musician and founding member of the band the Grateful Dead.

9. Oppenheimer has over the years performed photography services through his own name as well as in the form and style of "Performance Impressions," which is a North Carolina limited liability company in good standing.

10. Oppenheimer earns his livelihood from the creation and licensing of his photographs as well as from selling prints of his photographs.

11. Upon information and belief, Relix owns and operates the Relix Properties, which provide music-themed content and a fully interactive online marketplace for music-themed merchandise, including photographic prints of the Grateful Dead and Bob Weir.

### Oppenheimer Creates, Registers, and Publishes the Photograph

12. In December 2016, Oppenheimer created a photograph of a performance featuring Bob Weir performing live in concert at the 28th annual Warren Haynes Christmas Jam in Asheville, North Carolina ("Photograph").

13. The Photograph is an original work that Oppenheimer registered with the United States Copyright Office as part of a collection of photographs. The Photograph – referenced by its contents title, "*Bob_Weir_8614.jpg*" – has its copyright registered with the United States Copyright Office as part of the collection entitled *Photographs of the 28th Annual Warren Haynes Christmas Jam by David Oppenheimer* under copyright registration number VAu 1-264-954, with an effective date of registration of March 1, 2017. A copy of the copyright registration certificate for the Photograph is attached hereto as Exhibit 1. The deposit copy of the Photograph on deposit with the copyright registration is attached hereto as Exhibit 2.

14. After submitting the Photograph for registration, Plaintiff published the Photograph through the Performance Impressions LLC website, where Oppenheimer makes his works, including the Photograph, available for print sales and licensing, and through the website flickr.com. As is his pattern and practice, the published version of the Photograph contained copyright management information as defined under 17 U.S.C. § 1202(c), including a proper copyright notice "© 2017 David Oppenheimer" on the face of the Photograph in the form of a

3

legible watermark, embedded in the metadata of the Photograph, and/or in an adjacent caption. Copyright management information ("CMI") in the metadata of the Photograph also includes a notice declaring "All Rights Reserved" in addition to instructions for licensing, Oppenheimer's address, phone number, email, and the Performance Impressions website URL: www.performanceimpressions.com. On Flickr, in addition to all of the CMI set forth above, the Photograph was published alongside the notice "© All Rights Reserved" and clicking the "Show EXIF" button where displayed on Flickr made most of Oppenheimer's metadata visible, including all of the above-stated CMI. Oppenheimer does all this to distinguish his works from others, as well as to ensure that people who view the Photograph appreciate that Oppenheimer owns all rights and title to the Photograph and follow proper protocols in licensing the Photograph. Plaintiff's published version of the Photograph, attached hereto as Exhibit 3, includes his subsequently added CMI on its face.

15. Plaintiff has complied in all respects with Title 17 of the United States Code (Copyright Act of 1976) and all other United States laws governing copyrights and has secured the exclusive rights and privileges in and to the copyright of the Photograph.

16. Since the date of creation, Plaintiff has held all the exclusive rights to the Photograph, including, without limitation, the rights to reproduce the work, to prepare derivative works, to distribute copies to the public, and to publicly display pursuant to 17 U.S.C. § 106.

17. Plaintiff's copyright in the Photograph is presently valid and subsisting, was valid and subsisting from the moment of creation, and has been valid and subsisting in all conditions precedent to the filing of this suit.

**Defendant Uses the Photograph Without Authorization**

18. Upon information and belief, in or around April 2020, Defendant (or Defendant's authorized representative(s)) obtained the published version of the Photograph, modified the Photograph (including by cropping the Photograph to remove Oppenheimer's CMI), and incorporated the modified version of the Photograph at the center of a promotional graphic containing images of Phil Lesh, Bob Weir, and Trey Anastasio ("Promotional Graphic"). Defendant then proceeded to use the Promotional Graphic as the cover image for a video entitled *Further ft. Trey Anastasio – "Truckin" & "The Other One" Live | 9/7/13 | LOCKN' 2013* ("Video"). The Video did not contain any commentary or criticism about the Photograph itself or the event at which the Photograph was captured. Neither the Video nor any message contained therein relates in any manner to the Photograph, except for the fact that Bob Weir appears in both.

19. Defendant's inclusion of the Photograph into the Promotional Graphic caused the reproduction, distribution, and/or display of the modified version of the Photograph through at least the following URLs (collectively, "Infringing URLs"):

- https://www.youtube.com/@RelixMag/videos ("Relix YouTube Library URL")

- https://www.jambase.com/videos?vid=6952389 ("Jambase URL")

- https://res.cloudinary.com/dhh19fozh/q_auto:good,f_auto,dpr_1.0/w_auto:breakpoints_85_850_10_10:163/jb7production-uploads/2020/05/furthur-ft-trey-anastasio-sYFOXA6_5CE-1200x675.jpg ("Cloudinary Image URL")

- https://i.ytimg.com/vi/sYFOXA6_5CE/hqdefault.jpg?sqp=-oaymwEcCNACELwBSFXyq4qpAw4IARUAAIhCGAFwAcABBg==&rs=Aon4CLChrVZi7gupMwdUAmmD37tBlG4HvA ("YouTube Image URL")

- https://www.jambase.com/band/furthur ("Jambase Furthur URL")

20. Upon information and belief, Defendant or a third party at the direction of Defendant caused the publication of the Video at the Relix YouTube Library URL, Jambase Furthur URL, and the Jambase URL, directly resulting in the reproduction, distribution, and/or display of the Photograph (at the center of the Promotional Graphic) at each of the Relix YouTube Library URL, Jambase Furthur URL, and the Jambase URL.

21. Upon information and belief, Defendant or a third party at the direction of Defendant caused the copying, distribution, and/or display of the Promotional Graphic at the Cloudinary Image URL and the YouTube Image URL.

22. Upon information and belief, Defendant or a third party at the direction of Defendant implemented the Promotional Graphic (inclusive of the Photograph) at the Infringing URLs to promote Relix's content and business. True and correct copies of screenshots of the displays of the Promotional Graphic (inclusive of the Photograph) at the Infringing URLs are attached hereto as Exhibit 4.

### Oppenheimer Provides Notice of Copyright Infringement to Defendant

23. On December 11, 2024, Oppenheimer, through counsel, provided notice to Defendant via email and certified mail regarding Defendant's infringement of Oppenheimer's rights in the Photograph and invited Defendant to engage in good-faith discussions about obtaining a license to use the Photograph and Oppenheimer's other works.

24. As of March 26, 2025, when the original complaint in this case was filed, Defendant's representatives (with whom Plaintiff's counsel proceeded to communicate after sending initial correspondence) had not indicated any meaningful intent to enter into a licensing agreement with Plaintiff.

25. As of the filing date of this FAC, the Promotional Graphic (inclusive of the Photograph) remains accessible at the Cloudinary Image URL and the Jambase Furthur URL.

### FIRST CLAIM FOR RELIEF
### Copyright Infringement Under 17 U.S.C. § 501

26. Plaintiff repeats and incorporates herein by reference the allegations in Paragraphs 1–25 of this FAC.

27. Plaintiff owns the exclusive rights to the copyright-protected Photograph.

28. Upon information and belief, Defendant caused the copying, distribution, and/or display of the Photograph at each of the Infringing URLs.

29. Defendant's acts are and were performed without the permission, license, or consent of Plaintiff.

30. Defendant acted with willful disregard of the laws protecting Plaintiff's copyright.

31. Defendant infringed Plaintiff's copyright in the Photograph in violation of 17 U.S.C. § 501.

32. Plaintiff has sustained and will continue to sustain substantial damage in an amount not yet fully ascertainable.

33. Plaintiff is informed, believes, and thereon alleges that the Defendant has obtained profits recoverable under 17 U.S.C. § 504. Plaintiff will require an accounting from the Defendant of all monies generated from the Photograph.

34. In the alternative and at his election, Plaintiff is entitled to seek maximum statutory damages for willful infringement by Defendant of Plaintiff's rights in the Photograph in an amount of $150,000 under 17 U.S.C. § 504(c)(2). In the event that the trier of fact does not find that Defendant willfully infringed Plaintiff's copyright in the Photograph, Plaintiff is

entitled to seek maximum statutory damages in an amount of $30,000 under 17 U.S.C. § 504(c)(1).

35.     Plaintiff is entitled to seek recovery of Plaintiff's attorneys' fees and costs of suit from the Defendant, pursuant to 17 U.S.C. § 505.

## SECOND CLAIM FOR RELIEF
## Violations of the DMCA Under Section 1202(b)

36.     Plaintiff repeats and incorporates herein by reference the allegations in Paragraphs 1–35 of this FAC.

37.     Plaintiff's published version of the Photograph contained CMI within the digital file of the Photograph, including identifying metadata and, *inter alia*, the identification of the author as "David Oppenheimer," as well as a plainly visible copyright notice stating "© 2017 David Oppenheimer" on the Photograph itself. Plaintiff also included CMI in adjacent legible captions where the Photograph was displayed containing a proper notice of copyright, his company's name, and the URL to the Performance Impressions URL. Defendant also omitted additional CMI from the caption of the unauthorized copies of the Photograph that Defendant made, distributed, and/or displayed.

38.     Upon information and belief, Defendant, or third parties at Defendant's direction and behest (discovery will reveal which), violated the DMCA by intentionally removing the Photograph's CMI, and distributed, and/or displayed the Photograph with the CMI removed, and omitted the CMI caption, knowing or having reasonable grounds to know that Defendant's actions would induce, enable, facilitate, and/or conceal Defendant's infringing activities.

39.     Such actions further demonstrate Defendant's willful infringement of the Photograph.

40. The aforesaid actions, including without limitation each copy of the Photograph reproduced, distributed, and/or displayed at each of the Infringing URLs, constitute violations of Section 1202(b) of the DMCA. More specifically, all instances of removal or alteration of the Photograph's CMI by Defendant or at Defendant's behest resulted in a separate violation of Section 1202(b)(1), and each instance of distribution or import for distribution of the Photograph (or copies of the Photograph) without CMI resulted in a separate violation of Section 1202(b)(3).

41. Upon information and belief, Defendant knew or had reasonable grounds to know that by concealing and omitting the Plaintiff's CMI, that Defendant would induce, enable, facilitate, or conceal Defendant's infringement of Plaintiff's Photograph.

42. Upon information and belief, Defendant intentionally or knowingly concealed and omitted the Plaintiff's CMI as aforesaid, in order to conceal that Defendant's uses of the Photograph were without the authorization of Plaintiff and in violation of law.

43. As a result of Defendant's actions with regard to the Plaintiff's CMI, Plaintiff has been and will continue to be damaged in an amount as yet to be determined.

44. As a result of the Defendant's actions with regard to the Plaintiff's CMI, Plaintiff is entitled to damages pursuant to 17 U.S.C. § 1203(b)(3) in the form of either actual damages in accordance with 17 U.S.C. § 1203(c)(2) or, upon Plaintiff's election, an award of statutory damages pursuant to 17 U.S.C. § 1203(c)(3)(B), costs pursuant to 17 U.S.C. § 1203(b)(4), reasonable attorneys' fees pursuant to 17 U.S.C. § 1203(b)(5), a temporary and permanent injunction pursuant to 17 U.S.C. § 1203(b)(1), and the impounding, modification, or destruction of any items involved in the violation pursuant to 17 U.S.C. §§ 1203(b)(2) and 1203(b)(6).

45. Plaintiff is entitled to a separate award of damages for each violation of 17 U.S.C. § 1202.

**JURY DEMAND**

Plaintiff requests a trial by jury for all issues triable by jury.

**PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff prays for judgment against Defendant as follows.

1. Pursuant to 17 U.S.C. § 502, that Defendant and Defendant's agents, servants, employees, representatives, successors, and assigns, and all persons, firms, corporations, or other entities in active concert or participation with Defendant, be permanently enjoined from directly or indirectly infringing the Plaintiff's copyrights in any manner, including generally, without limitation, reproducing, distributing, displaying, or making derivative works of the Photograph;

2. That Defendant be required to perform a complete and full accounting of all profits generated by Defendant from the Photograph;

3. Pursuant to 17 U.S.C. § 504, that Defendant be required to pay actual damages and disgorgement of all profits derived by Defendant from the Defendant's acts of copyright infringement; in the alternative, upon Plaintiff's election, pursuant to 17 U.S.C. § 504, that Defendant be required to pay statutory damages up to $150,000 for each work infringed as a result of Defendant's acts of copyright infringement, and, in the event that the factfinder determines that Defendant's infringement was not willful, that Defendant be required to pay statutory damages up to $30,000 for each work infringed by the Defendant;

4. Pursuant to 17 U.S.C. § 1203(c)(2), that Defendant be required to pay actual damages and disgorgement of all profits derived by Defendant from any and all of the Defendant's violations of Plaintiff's rights under the DMCA; in the alternative, upon

10

Plaintiff's election, pursuant to 17 U.S.C. § 1203(c)(3)(B), that Plaintiff be awarded the maximum statutory damages of $25,000 for each individual violation of the DMCA;

5. Pursuant to 17 U.S.C. §§ 505 and 1203(b)(4) – (5), Defendant be required to pay Plaintiff the costs of this action, prejudgment interest, and reasonable attorneys' fees; and

6. Such other and further relief as the Court shall find just and proper.

Dated: July 16, 2025                    Respectfully submitted,

/s/ Rebecca A, Kornhauser
REBECCA A. KORNHAUSER
Bar Number: 6174387
Rebecca.kornhauser@sriplaw.com
JOSEPH A. DUNNE (JD0674)
Bar Number: 4831277
joseph.dunne@sriplaw.com

**SRIPLAW, P. A.**
41 Madison Avenue
25th Floor
New York, New York 10010
646.517.3534 – Telephone
561.404.4353 – Facsimile

and

/s/ Ilya G. Zlatkin
ILYA ZLATKIN (admitted *pro hac vice*)
ilya@zce.law
**ZLATKIN CANN ENTERTAINMENT**
4245 North Knox Avenue
Chicago, Illinois  60641
312.809.6989 - Telephone

*Attorneys for Plaintiff David Gordon Oppenheimer*